# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EARLEY STORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRE HARGETT, in his official capacity of Tennessee Secretary of State, RICHARD HOLDEN, in his official capacity as Administrator of Elections for Shelby County, Tennessee, MARC GOINS, in his official capacity as Tennessee Coordinator of Elections, and CARA HARR, in her official capacity as HAVA Attorney for the Tennessee Secretary of State, | ) ) ) ) ) ) ) ) ) ) Case No. 2:15-cv-2540-JDT |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Come the Defendants, Tre Hargett, in his official capacity as Tennessee Secretary of State, Richard Holden, in his official capacity as Administrator of Elections for Shelby County, Tennessee, Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee, and Cara Harr, in her official capacity as HAVA Attorney for the Tennessee Secretary of State, by and through their counsel of record, the Attorney General and Reporter for the State of Tennessee, and hereby submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint in its entirety and with prejudice for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## INTRODUCTION AND BACKGROUND

Plaintiff, Earley Story, is a Tennessee citizen and currently registered to vote. (D.E. 1, Page ID 1; D.E. 11-1 - Exhibit 1 to Defendants' Motion to Dismiss). On August 16, 2014, Mr. Story filed an administrative complaint with the Tennessee Secretary of State alleging violations of Title III of the Help America Vote Act of 2002 ("HAVA") on the basis that there are "false felony numbers that the Shelby County Election Commission had issued to this Plaintiff on January 31, 2000, April 26, 2002 and October 19, 2004." (D.E. 1, PageID 2, ¶ 8).

In response, on September 18, 2014, Defendants Mark Goins and Cara Harr sent a letter to Mr. Story detailing why there was no violation of HAVA and dismissing his administrative complaint as a result. (*Id.* at ¶ 9; D.E. 11-2 - Exhibit 2 to Defendants' Motion to Dismiss). In particular, Defendants Goins and Harr explained:

> The NCIC criminal history report is not generated by the Shelby County Election Commission office and therefore any numbers assigned to your name through that report are not associated with the Shelby County Election Commission office.

(D.E. ____).

In the current lawsuit, Mr. Story has raised the exact same allegations and requests the Court award him $300,000.00 for Defendants' alleged violation of federal law as well as an order requiring "the Government to enforce the laws of the United States forbidding the disenfranchisement of it's [sic] citizens." (D.E. 1, PageID 2). As discussed below, Plaintiff's Complaint should be dismissed pursuant to pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because: (1) there is no recognized private cause of action under Title III of HAVA; (2) he otherwise lacks standing to bring his claims; and (3) his claim of monetary damages against Defendants in their official capacities is barred by the Eleventh Amendment to the U.S. Constitution.

## STANDARD OF REVIEW FOR 12(b) MOTION TO DISMISS

### I. Dismissal for Lack of Subject Matter Jurisdiction

A challenge to the court's subject-matter jurisdiction under Rule 12(b)(1) may be either a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleadings." *Id*. When reviewing a facial attack, this Court must take the allegations in the complaint to be true. *Id*.

But when there is a factual attack, the Court must weigh conflicting evidence provided by the plaintiff and the defendant to determine whether subject-matter jurisdiction exists. *Id*. Thus in reviewing a factual attack, the Court may consider evidence outside the pleadings and both parties are free to supplement the record by affidavits. *Id*.

### II. Dismissal for Failure to State a Claim

To state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Wittstock v. Mark A Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003). While the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-95 (2007)).

The United States Supreme Court has recently encapsulated the appropriate standard to be applied in considering a motion to dismiss for failure to state a claim:

> Two working principles underlie our decision in [*Bell Atlantic v.*] *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

> conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009) (citations omitted).

## ARGUMENT

### I.   There Is No Private Cause Of Action Under Section III of HAVA.

The sole basis for Plaintiff's complaint is an alleged violation of Section III of HAVA based upon what Plaintiff believes is the improper inclusion of felony numbers in his voter registration record. (D.E. 1, PageID 2, ¶ 8). Putting aside the validity of Plaintiff's claims, which Defendants' dispute, there is no private cause of action recognized for a State's violation of Section III of HAVA. *Taylor v. Onorato*, 428 F.Supp.2d 384, 386 (W.D. Pa. 2006); *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008)(overturning temporary restraining order issued against the Ohio Secretary of State on the grounds that plaintiffs are not sufficiently likely to prevail on issue of Congress authorizing private cause of action to enforce Section 303 of HAVA).

In *Taylor*, the court considered a challenge by a group of voters and an advocacy group to Pennsylvania's switch from lever-style voting machines to electronic voting machines. 428 F.Supp.2d at 385. The primary basis for the plaintiffs' claims were under Section 301 of HAVA, which requires "participating states [to] ensure that local voting jurisdictions have voting systems in place [that] comply with certain mandated features." *Id.* at 386. In denying the plaintiffs'

motion for preliminary injunction, the court, after reviewing HAVA in its entirety, found that "[n]owhere in *Section 301*, or elsewhere in the Act, has Congress indicated an intention that *Section 301* may be enforced by private individuals." *Id*. In reaching its conclusion, the court noted that "Congress empowered the Attorney General of the United States to enforce" Section III of HAVA and that "the only remedy available for a violation of *Section 301* is that the jurisdiction must return [federal] money to the Federal Election Assistance Commission." *Id*. at 387.

Based on the *Taylor* court's analysis and the plain language of the Act, it is clear that no private cause of action exists for the State's alleged violation of Section III of HAVA. Accordingly, Plaintiff lacks standing to bring the current action and his Complaint should be dismissed with prejudice.

## II.     Even Assuming A Private Cause Of Action Existed Under Section III of HAVA, Plaintiff Still Lacks Standing.

Even assuming the Court were to find a private cause of action exists under Section III of HAVA, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) as Plaintiff has not suffered an injury in fact.

Article III of the United States Constitution gives the federal courts jurisdiction only over "cases and controversies," of which the component of standing is an "essential and unchanging part." *Hooker v. Sasser*, 893 F.Supp. 764, 766 (M.D. Tenn. 1995) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (standing to sue is part of the common understanding of what it takes to make a justiciable case). The Supreme Court has set forth three elements of "the irreducible constitutional minimum of standing":

> First, and foremost, there must be alleged (and ultimately proved) an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or

5

> hypothetical.'"  Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant.  And third, there must be redressability— a likelihood that the requested relief will redress the alleged injury.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998) (internal citations omitted).

A plaintiff bears the burden of demonstrating standing and must plead it components with specificity.  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1005 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560).

> "A threatened injury must be certainly impending to constitute injury in fact," *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (internal quotation marks omitted), and it "must affect the plaintiff in a personal and individual way," *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S.Ct. 1436, 1442 (2011) (internal quotation marks omitted).

*Green Party of Tenn. v. Hargett*, 700 F.3d 816, 828 (6th Cir. 2012).  Furthermore, since these elements are not mere pleading requirements but rather an indispensable part of a plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.  *Lujan*, 504 U.S.at 561.

Here, Plaintiff has not suffered any injury, let alone an injury in fact, because Plaintiff is currently a registered voter and has been registered since March 27, 2012.  (*See* Exhibit 1 to Defendants' Motion to Dismiss – Plaintiff's current voter registration).  Regardless of any felony codes Plaintiff alleges are included with his voter registration record, those codes have not prevented Plaintiff from registering to vote or casting a vote in Tennessee.  Accordingly, as

Plaintiff has not been disenfranchised or otherwise suffered any harm, the Court should dismiss Plaintiff's Complaint for lack of standing.

### III. Plaintiff's Claim For Monetary Damages Against Defendants In Their Official Capacities Are Barred By The Eleventh Amendment.

The Eleventh Amendment has been construed by the Supreme Court to bar actions by citizens against their own state or one of its agencies in federal court unless there has been a waiver by the state. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468 (1987); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Alden v. Maine*, 527 U.S. 706 (1999).

As Tennessee has not waived its immunity with respect to election cases, the State is absolutely immune from liability under the Eleventh Amendment. Tenn. Code Ann. § 20-13-102(a); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). The immunity afforded by the Eleventh Amendment prohibits even suits against states for injunctive relief. *Alabama v. Pugh*, 438 U.S. 781 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (the Eleventh Amendment bars a claim against the State, plus the State is not a person pursuant to 42 U.S.C. § 1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331 (6th Cir. 2000) (injunctive relief is not available against the State). A suit against a state official in his official capacity is considered to be a suit against the state. *Will*, 491 U.S. at 66; *Wells*, 891 F.2d at 591.

In *Kentucky v. Graham,* the Supreme Court stated that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." 473 U.S. 159, 169 (1985), citing, *Ford Motor Co. v. Dept. of Treasury of Ind.,* 323 U.S. 459, 464 (1945). The Court found that "[t]his bar remains in effect when State officials are sued for damages in their official capacity." *Id.,* citing, *Cory v. White,* 457 U.S. 85, 90 (1982); *Edelman*

7

*v. Jordan,* 415 U.S. 651, 663 (1974). This is because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents...." *Brandon v. Holt,* 469 U.S. 464, 471 (1985). Eleventh Amendment immunity also extends to an "arm of the state." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).[1]

All of the Defendants are state officials (Defendants Hargett, Goins, and Harr) or officials of an arm of the state (Defendant Holden) and each has been sued for damages in his or her official capacity only. (DE 1, Page ID 1). As such, Plaintiff's claim for monetary damages against the Defendants in their official capacities is barred by the Eleventh Amendment and should be dismissed with prejudice.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court dismiss Plaintiff's complaint in its entirety and with prejudice for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov

---

[1] For the purposes of Defendants' motion to dismiss, because Plaintiff's claim involves a question of federal election law and representation by the Attorney General and Reporter of Tennessee is required pursuant to Tenn. Code Ann. § 2-12-101(c)(2), under the analysis set forth by the Sixth Circuit in *Ernst,* Defendant Holder, as the Shelby County Administrator of Elections, is properly considered an official of an "arm of the state."

8

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies on the 13th day of October 2015 that a copy of the above document has been served upon the following persons by Electronic Case Filing (ECF) and first-class U.S. mail, postage pre-paid, to:

Earley Story
4700 Gill Road
Memphis, TN 38109

                                        /s/ Janet M. Kleinfelter
                                        JANET M. KLEINFELTER