IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **EARLEY STORY,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **TRE HARGETT**, in his official | ) |
| capacity as Tennessee | ) |
| Secretary of State, **RICHARD** | ) |
| **HOLDEN**, in his official | )    No. 15-cv-2540-JDT-tmp |
| capacity as Administrator of | ) |
| Elections for Shelby County, | ) |
| **MARK GOINS**, in his official | ) |
| capacity as Coordinator of | ) |
| Elections for the State of | ) |
| Tennessee, and **CARA HARR**, in | ) |
| her official capacity as HAVA | ) |
| Attorney for the Tennessee | ) |
| Secretary of State, | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed on October 13, 2015, by defendants Tre Hargett, in his official capacity as Tennessee Secretary of State, Richard Holden, in his official capacity as Administrator of Elections for Shelby County, Tennessee, Mark Goins, in his official capacity as Coordinator of Elections for the State of Tennessee, and Cara Harr, in her official capacity as the Help America Vote Act of 2002 ("HAVA")

Attorney for the Tennessee Secretary of State (collectively "Defendants"). (ECF No. 11.) *Pro se* plaintiff Earley Story filed a response in opposition on October 16, 2015. (ECF No. 13.) For the reasons below, it is recommended that Defendants' motion be granted.

I. **PROPOSED FINDINGS OF FACT**

On August 14, 2015, Story filed a *pro se* complaint against Defendants alleging violations of Title III of HAVA. (ECF No. 1.) In his complaint, Story states that he filed a HAVA complaint form with the Tennessee Secretary of State on August 16, 2014, alleging that the Shelby County Election Commission issued him "false felony numbers" on three separate occasions. He further states that he received a letter from Goins and Harr on September 18, 2014, indicating that upon investigation of his complaint, no HAVA violation was found to have occurred. The letter explained that there were no "false entries" associated with Story's voter registration, and indicated that Story was in fact registered to vote. Story apparently disagreed with these findings, and filed this suit seeking $300,000 "as a remedy for this violation of federal law," as well as requesting "the Government to enforce the laws of the United States forbidding the disenfranchisement of it's [sic] citizens." On October 13, 2015, Defendants moved for dismissal of Story's complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil

Procedure, arguing that the court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief could be granted. (ECF No. 11.) More specifically, Defendants argue that there is no private cause of action under Title III of HAVA, and even if there were, Story lacks standing to file suit because he has not suffered an injury in fact. Additionally, Defendants argue that his claim for monetary damages against Defendants in their official capacities is barred by the Eleventh Amendment to the United States Constitution. (ECF No. 12.) Story responded to Defendants' motion on October 16, 2015, stating that his case should not be dismissed because he properly served Defendants and paid the required filing fee. (ECF No. 13.) He does not, however, respond to any of the arguments raised in the Defendants' motion.[1]

## II. PROPOSED CONCLUSIONS OF LAW

---

[1] The HAVA complaint form that Story filed with the Tennessee Secretary of State, as well as the letter from Goins and Harr, are attached as exhibits to his complaint. (ECF Nos. 1-2 & 1-3.) Defendants have attached a copy of the same letter, as well as Story's voter registration record, as exhibits to their motion to dismiss. (ECF Nos. 11-1 & 11-2.) Although Story's voter registration record was not attached as an exhibit to his complaint, it is referenced in the complaint and is central to his claim. Therefore, it may be considered by this court without converting Defendants' motion to dismiss into a motion for summary judgment. See Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001); Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997); Gates v. Hudson, No. 13-2622-JDT-tmp, 2014 WL 346722, at *3 (W.D. Tenn. Jan. 30, 2014).

**A.   Standard of Review for Failure to State a Claim**

In assessing whether the complaint in this case states a claim on which relief can be granted pursuant to Rule 12(b)(6), the court applies the standards outlined in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).  However, allegations that simply state conclusions "are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  Williams, 631 F.3d at 383

(internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. The Help America Vote Act of 2002**

HAVA was passed by Congress to improve the electoral system in the United States following the November 2000 election. H.R. Rep. No. 107-329, at 31 (2001). In particular, HAVA sought to alleviate a problem that many voters experienced: arriving "at the polling place believing that they [were] eligible to vote,

and then [were] turned away because the election workers [could not] find their names on the list of qualified voters." Id. at 38. HAVA addressed this issue in Title III, section 302, by creating a provisional balloting system, "under which a ballot would be submitted on election day but counted if and only if the person was later determined to have been entitled to vote." Sandusky Cnty. Democratic Party v. Blackwell, 387 F.3d 565, 569 (6th Cir. 2004); 52 U.S.C. § 21082 (formerly 42 U.S.C. § 15482). Title III of HAVA also includes a provision in section 303 that requires states to create "a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A) (formerly 42 U.S.C. § 15483); see also Huber v. Auglaize Cnty. Bd. of Elections, No. 3:06 CV 1968, 2009 WL 367526, at *5 (N.D. Ohio Feb. 11, 2009). Additionally, section 303 directs that the appropriate state or local election official shall perform list maintenance in a manner that ensures that "only voters who are not registered or who are not eligible to vote are removed from the computerized list," and mandates that the state election system include "[s]afeguards to ensure that eligible voters are not removed in

error from the official list of eligible voters." 52 U.S.C. § 21083(a)(2)(B)(ii); 52 U.S.C. § 21083(a)(4)(B).

It appears from Story's complaint and his attached exhibits that he is claiming violations of both sections 302 and 303 of Title III of HAVA. As best as the court can tell, Story was convicted of a felony in Shelby County Criminal Court in 2000. Story subsequently appealed his conviction, which was affirmed in 2003. Although Story originally registered to vote in 1979, the Shelby County Election Commission voter registration system generated felony purge notices, which included unique identification numbers, when Story was convicted and when his conviction was affirmed. In March 2012, the Tennessee Secretary of State, upon application by Story, restored his right to vote and issued him a new voter registration number. (ECF Nos. 11-1 & 11.2.) Story, however, is apparently displeased with the fact that felony conviction numbers are somehow still associated with his voter registration. Even accepting all of the allegations in the complaint as true, the court finds that Story has not stated a cognizable claim under HAVA. The court is not aware of any HAVA provision that touches upon the concerns raised by Story, nor can the court locate any section of HAVA under which the relief he is seeking could be granted, including the sections referenced in the exhibits attached to the complaint.

In their motion, Defendants argue that there is no private cause of action under Title III of HAVA. While the Sixth Circuit and other courts have noted that section 302 of HAVA does not itself create a private right of action, the Sixth Circuit has held that section 302 "creates a federal right enforceable against state officials under 42 U.S.C. § 1983." Sandusky, 387 F.3d at 572; see also Bay Cnty. Democratic Party v. Land, 347 F. Supp. 2d 404, 424-27 (E.D. Mich. 2004); Fla. Democratic Party v. Hood, 342 F. Supp. 2d 1073, 1077-78 (N.D. Fla. 2004). Story makes no reference to § 1983 in his complaint. However, even if the court were to liberally construe the complaint as alleging a § 1983 claim, Story nevertheless has failed to state a claim under section 302 of HAVA. As discussed above, section 302 creates a provisional balloting system to prevent individuals who believe they are entitled to vote from being turned away at the polls. Here, Story does not allege that he was prevented from voting due to his previous felony conviction. Rather, as Defendants' exhibits make clear, Story has been registered as an active voter since March 2012 when his right to vote was restored, and Story does not dispute this fact. (ECF Nos. 11-1 & 11-2.) Moreover, even assuming, *arguendo*, that a private right of action is available under section 303, Story has failed to state a claim under that section as well. As explained previously, section 303 directs

the states to create and maintain a computerized statewide voter registration list. Story's complaint does not allege that the state has failed to do so, nor does it allege that he has been improperly removed from the list. As such, the court finds that the complaint fails to state a claim upon which relief can be granted.[2]

### III. RECOMMENDATION

For the reasons above, it is recommended that Defendants' motion to dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 12, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[2] Because the court recommends that Story's complaint be dismissed for failure to state a claim pursuant to Rule 12(b)(6), the court need not address Defendants' remaining arguments.