IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EARLEY STORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2540-JDT-tmp |
| | ) | |
| TRE HARGETT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS, CERTIFYING AN
APPEAL BY PLAINTIFF WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 14, 2015, Plaintiff Earley Story filed a *pro se* civil complaint pursuant to Title III of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21081, *et seq.* (formerly 42 U.S.C. § 15481, *et seq.*), accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Leave to proceed *in forma pauperis* was denied (ECF No. 5), and Plaintiff paid the filing fee on September 11, 2015 (ECF No. 6). Process was subsequently served on the Defendants, Tre Hargett, Tennessee Secretary of State; Richard Holden, Administrator of Elections for the Shelby County Election Commission; Mark Goins, Tennessee Election Coordinator; and Cara Harr, HAVA Attorney for the State of Tennessee. On October 13, 2015, Defendants filed a motion to dismiss (ECF Nos. 11 & 12), to which Plaintiff filed a response[1] (ECF No. 13).

On January 12, 2016, United States Magistrate Judge Tu M. Pham issued a Report and Recommendation ("R&R") in which he recommended granting the Defendants' motion to dismiss.

---

[1] Plaintiff's response is styled as a "motion" to deny the Defendants' motion to dismiss.

(ECF No. 17.) Objections to the R&R were due on or before January 29, 2016. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

In his complaint, Plaintiff appears to claim the Defendants violated sections 302 and 303 of Title III of HAVA because a prior felony conviction from 2000 somehow remains associated with his voter registration even after his voting rights were restored in 2012. Plaintiff does not allege, however, that he was ever denied the right to vote as a result of that conviction once his voting rights were restored. The Defendants contend, and the Magistrate Judge found, that there is no private right of action under Title III of HAVA and that, even if there were, Plaintiff has failed to state a claim on which relief may be granted.

The Court has reviewed the complaint and the law and agrees with Magistrate Judge Pham's recommendation. He has thoroughly explained his findings, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the recommendation of the Magistrate Judge and GRANTS the Defendants' motion to dismiss.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

2

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant the Defendants' motion to dismiss this case for failure to state a claim also compel the conclusion that an appeal by Plaintiff would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE